**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50135 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-03125-BEN |
| v. | |
| JAIME CORVAIA-HERNANDEZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:  FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

 Jaime Corvaia-Hernandez appeals from the 41-month sentence imposed

following his guilty-plea conviction for importation of cocaine, in violation of 21

U.S.C. §§ 952 and 960.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and

---

 [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

EG/Research

we affirm.

Corvaia-Hernandez contends that the government breached the parties' plea agreement by recommending a total offense level of 22 at sentencing, as opposed to the total offense level of 17 he contends was required by the written plea agreement.

Because the base offense level, departures, and adjustments listed in the written plea agreement did not add up to the listed total offense level, the written plea agreement was ambiguous and we therefore look to extrinsic evidence. *See United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000) ("If . . . a term of a plea agreement is not clear on its face, we look to the facts of the case to determine what the parties reasonably understood to be the terms of the agreement.") (citation omitted). When considered in conjunction with the government's letter to Corvaia-Hernandez extending the plea offer and defense counsel's admissions at the sentencing hearing, it is clear that the terms of the agreement included the specified base offense level, adjustments, and departures, with a total offense level of 22. The district court therefore properly construed the plea agreement in accordance with the extrinsic evidence, and there was no breach. *See id.* at 1096 ("Only if the extrinsic evidence regarding the parties' intent fails to resolve the term's ambiguity must the court apply the rule construing ambiguous terms against

the drafting party.").  Corvaia-Hernandez's reliance on *United States v. Partida-Parra*, 859 F.2d 629 (9th Cir. 1988), is misplaced.  *See id.* at 634 (reversing district court's decision to set aside guilty plea pursuant to unambiguous information based on defense of unilateral mistake).

**AFFIRMED.**